1
2
3
4
5
6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

7

UNITED STATES OF AMERICA,

8          Plaintiff,

9          v.

10  PETER MAHONEY, PEGGY
    MAHONEY, LYLE W. CONWAY,
11  MARK VAN'T HUL, and LYLE S.
    CONWAY,
12
13          Defendants.
14
15

NOS. CR-04-2127-RHW
CR-04-2128-RHW
CR-04-2129-RHW
CR-04-2130-RHW
CR-04-2131-RHW

**ORDER DENYING DEFENDANT
LYLE W. CONWAY'S MOTION
TO DISMISS FOR IMPROPER
JOINDER**

16      Before the Court is Defendant Lyle W. Conway's Motion to Dismiss for

17  Improper Joinder of Multiplicitous Counts on Three Indictments or in this

18  Indictment; In the Alternative to Require Plaintiff to Elect the Counts on Which it

19  Seeks to Try or Sever the Trial (CR-04-2129-RHW, Ct. Rec. 41).  The Court heard

20  oral argument on the motion on September 21, 2005.  Defendant Lyle W. Conway

21  was present, represented by his attorney Robert Kovacevich.  Appearing by phone

22  and representing the Government was Assistant United States Attorney Jane Kirk.

23  For the reasons stated below, the Court denies Defendant's motion.

24      A superseding indictment was filed against Defendants on January 12, 2005.

25  The indictment alleges that Defendants were engaged in a conspiracy to traffic in

26  contraband cigarettes between Idaho and Washington, and did traffic in contraband

27  cigarettes between Idaho and Washington, in violation of the Contraband Cigarette

28  Trafficking Act, 18 U.S.C. §§ 371, 2342(a), and 2 ("CCTA"). The indictment also

ORDER DENYING DEFENDANT LYLE W. CONWAY'S MOTION TO
DISMISS FOR IMPROPER JOINDER * 1

alleges that Defendants engaged in money laundering and conspiracy to commit money laundering in violation of 18 U.S.C. §§ 1956, 1957, and 2.

In his current motion, Defendant Lyle W. Conway requests the Court to either dismiss the indictment, order the Government to elect the counts on which to try Defendant, or sever Defendant so he can be tried alone.  He bases his requests on Federal Rules of Criminal Procedure 8 and 14, and on the Fifth Amendment's prohibition against double jeopardy.

Defendant is being prosecuted in three separate cases: CR-04-2129-RHW, CR-05-2099-RHW, and CR-05-0116P (currently pending in the Western District of Washington).  He alleges that these cases involve overlapping time-periods, allege violation of the same statutes, seek forfeiture of the same money seized on May 20, 2003, allege illegal financial transactions occurring on or about the same time, and are generally confusing.  Defendant states that he is alleged to be in a conspiracy involving three different "hubs," yet he operates only one retail store. He states these counts are multiplicitous, and the Government should be ordered to select which counts on which to proceed.  Defendant avers that to allow the cases to continue as they currently stand would violate his due process rights and constitute double jeopardy.

The Government counters that the conspiracies in each indictment are distinct.  Although the charges do involve overlapping periods of time, similar locations, and similar statutory violations, the Government argues that the head of each conspiracy is different, and that they compete with one another for business. In answer to Defendant's complaint that the Government has demanded forfeiture of the same quantity of money seized on May 20, 2003, the Government states that Rule 7(c)(2) requires an allegation within the complaint of the extent of the interest or property subject to forfeiture as a prerequisite to a judgment of forfeiture.  Fed. R. Crim. P. 7(c)(2).

Federal Rule of Criminal Procedure 14 gives courts discretion to grant relief

ORDER DENYING DEFENDANT LYLE W. CONWAY'S MOTION TO DISMISS FOR IMPROPER JOINDER * 2

from improper joinder on a finding of prejudice.  Fed. R. Crim. P. 14(a).  A district court may order relief in many forms under Rule 14(a).  It may "separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  *Id*.  Defendant is asking for dismissal of the indictment, which would be an unusual and inappropriate remedy under Rule 14, even with a finding of prejudice.  In the alternative, he is asking for either an order forcing the Government to elect a lesser number of counts on which to proceed or to sever Defendant so that he may be tried alone.  The Court declines Defendant's invitation to dismiss or order the Government to elect certain counts against him, and finds Defendant is not prejudiced in this proceeding.

The heart of Defendant's motion appears to be his Double Jeopardy claim.  The Fifth Amendment's double jeopardy clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."  U.S. Const. amend. V.  The Ninth Circuit applies different standards when assessing whether the double jeopardy clause is implicated when a defendant challenges non-RICO conspiracy charges, as opposed to RICO charges.  For non-RICO conspiracy charges, the Ninth Circuit applies a five-factor test.  *United States v. Stoddard*, 111 F.3d 1450, 1454 (9th Cir. 1997).  This test was developed "'to determine whether two conspiracy counts charge the same offense and so place the defendant in double jeopardy.'"  *Id*. (quoting *United States v. Guzman*, 852 F.2d 1117, 1120 (9th Cir. 1988)); *see also United States v. Luong*, 393 F.3d 913, 916 (9th Cir. 2004) (explaining that the five-factor test applies "in cases involving successive conspiracy charges under the same statute").  This test is appropriate in this case to determine whether the several conspiracy charges currently pending against Defendant place him in double jeopardy.  For RICO charges, the Ninth Circuit applies the test established in *Blockburger v. United States*, 284 U.S. 299, 304

ORDER DENYING DEFENDANT LYLE W. CONWAY'S MOTION TO DISMISS FOR IMPROPER JOINDER * 3

(1932), which prohibits multiple prosecutions based on the same facts.[1] *Luong*, 393 F.3d at 916-17. Defendant was charged with violating RICO in CR-05-2099-RHW.

The Ninth Circuit uses a five-factor test "to determine whether two conspiracy counts charge the same offense and so place the defendant in double jeopardy." *Stoddard*, 111 F.3d at 1454. The five factors that courts are to consider are: "(1) the differences in the periods of time covered by the alleged conspiracies; (2) the places where the conspiracies were alleged to occur; (3) the persons charged as coconspirators; (4) the overt acts alleged to have been committed; and (5) the statutes alleged to have been violated." *Id*. The court should not focus on a single factor to determine whether conspiracies were separate; rather, it should "consider all of the factors together. Our goal in the inquiry is to determine if there was more than one agreement." *Id*. at 1456-57.

After examining the indictments, it appears that the alleged overt acts occur in periods of time that do substantially overlap, and the locations of the alleged crimes are all quite similar as well. Both of the Mahoney indictments involve alleged shipments of contraband cigarettes from Plummer, Idaho. The overt acts also are similar, and the statutes alleged to have been violated are the same. The Government hangs its argument on the third factor of the test—the persons charged as coconspirators. It argues that each of these indictments correspond to a different conspiratorial agreement between Defendant and different "heads" or "hubs" of the

---

[1] The five-factor test and the *Blockburger* test were formulated in situations where the defendant had already been to trial once, and was indicted later on similar or related charges. Here, Defendant has not been to trial for any of the pending charges, so he is, in essence, making a pre-emptive double jeopardy claim. Applying these tests here is appropriate because they will eventually apply when the pending cases go to trial.

ORDER DENYING DEFENDANT LYLE W. CONWAY'S MOTION TO DISMISS FOR IMPROPER JOINDER * 4

conspiracy.

As explained above, the five-factor test is useful in that it helps the court determine whether more than one agreement existed. The Government here states that the heads of the conspiracies, Peter Mahoney, Stormmy Paul, and Louie Mahoney, are competitors of each other, and that each supplies contraband cigarettes purchased by Defendant Conway. The Government further asserts that Defendant Conway "has not presented any evidence that these three suppliers joined in a single conspiracy." The Court agrees. The Government appears confident that it can keep Defendant's business transactions and agreements with each of the alleged "heads" of the conspiracies separate, and Defendant does not offer any evidence showing otherwise. He simply refers to the Government's use of "on or about" to describe the dates of the overt acts alleged in the indictments and states that this means several different transactions could be implicated. His argument is not convincing.

Defendant relies on language from *Kotteakos v. United States*, 328 U.S. 750, 776 (1946), for the proposition "[c]ontemporaneous transactions proving three conspiracies with any one common defendant is a fatal variance that requires reversal of the convictions." (Ct. Rec. 42, at 2.) However, the quoted language from *Kotteakos* presents a cogent argument for retaining all three separate indictments against Defendant to avoid the prejudice that was found to be inherent in a trial involving multiple conspiracies. *Kotteakos* examined the prejudice that results from combining several conspiracies into one charge and trial. The Supreme Court notes that this prejudicial error might be avoided by presenting "the evidence concerning each petitioner" "in separate trials for each offense . . . ." *Id*. This is exactly the situation here: The Government has elected to prosecute each of the alleged conspiracies separately to avoid prejudice.

In *United States v. Mahoney*, CR-05-2099-RHW, several of the counts charge Defendant with violating RICO. As mentioned above, the Ninth Circuit

ORDER DENYING DEFENDANT LYLE W. CONWAY'S MOTION TO DISMISS FOR IMPROPER JOINDER * 5

analyzes double jeopardy claims for RICO charges using the test developed in *Blockburger*, which prohibits multiple prosecutions based on the same facts. *Luong*, 393 F.3d at 916. The Ninth Circuit recognizes that the Government may prosecute a RICO conspiracy and a predicate act successively, even when the predicate acts are conspiracies. *Id*. at 917-18. "RICO criminalizes structural conduct that is separate and apart from predicate offenses. Therefore, whether or not the predicate offense is itself a conspiracy, the predicate offense may subsequently be prosecuted . . . ." *Id*. at 918. Because the Government has to prove different facts for a RICO violation, Defendant's double jeopardy claim also fails when applied to the pending RICO charges.

Lastly, Defendant complains about the Government demanding forfeiture of the same money twice, stating that this is "egregious." However, the forfeiture allegations appear in more than one indictment because of the procedural requirements of Rule 7(c)(2). Rule 7(c)(2) states "[n]o judgment of forfeiture may be entered in a criminal proceeding unless the indictment . . . provides notice that the defendant has an interest in property that is subject to forfeiture . . . ." Fed. R. Crim. P. 7(c)(2). It is common sense that Defendant could not forfeit the same money twice, and the separate allegations of forfeiture would not require this. Defendant's objection to this element of the pleadings has no merit, for the forfeiture allegations simply provide notice as required by the Federal Rules of Criminal Procedure.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Lyle W. Conway's Motion to Dismiss for Improper Joinder of Multiplicitous Counts on Three Indictments or in this Indictment; In the Alternative to Require Plaintiff to Elect the Counts on Which it Seeks to Try or Sever the Trial (CR-04-2129-RHW, Ct. Rec. 41) is **DENIED**.

///

///

ORDER DENYING DEFENDANT LYLE W. CONWAY'S MOTION TO DISMISS FOR IMPROPER JOINDER * 6

1    **IT IS SO ORDERED.**  The District Court Executive is directed to enter this

2    Order and forward copies to counsel.

3    **DATED** this 26th  day of September, 2005.

4

5                            s/ ROBERT H. WHALEY
                      CHIEF UNITED STATES DISTRICT JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19    Q:\CRIMINAL\2004\Mahoney\Conway.joinder.deny.wpd

20

21

22

23

24

25

26

27

28

ORDER DENYING DEFENDANT LYLE W. CONWAY'S MOTION TO
DISMISS FOR IMPROPER JOINDER * 7